Giuseppe FIORELLO, Plaintiff,

v.

A/S SOBRAL and International Freighting Corporation, Inc., Defendants.

A/S SOBRAL and International Freighting Corporation, Inc., Defendants and Third Party Plaintiffs,

v.

NESSA CORPORATION, Third Party Defendant.

Civ. A. No. 15967.

United States District Court E. D. New York.

July 14, 1958.

Philip F. DiCostanzo, Brooklyn, N. Y., for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant and third-party plaintiff, A/S Sobral, by William P. Kain, Jr., New York City, of counsel.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for defendant and third-party plaintiff, Internat. Freighting Corp., Inc., by Arthur O. Louis, New York City, of counsel.

Thomas F. Keane, Brooklyn, N. Y., for third-party defendant.

BYERS, Chief Judge.

This is a motion by defendant and third-party plaintiff A/S Sobral, for leave to serve and file an amended answer pleading a cross-claim against the defendant International Freighting Corporation.

The plaintiff, an employee of a stevedore Nessa Corporation, was injured during the course of his employment on February 13, 1953 while working on the M/S Bowrio. The pier at which the ship lay is not referred to in the motion papers, but it was probably a Brooklyn pier.

The ship was owned by the defendant A/S Sobral, but was under a time charter to International Freighting Corporation which had contracted for stevedoring services to be performed by Nessa.

The plaintiff's cause is based upon an alleged failure of a winch to function properly, and he thus attributes unseaworthiness to the ship, and presumably negligence.

The action was begun against both owner and time charterer on October 13, 1955 just twenty months after the happening. The summons and complaint

were not served upon the owner until June 8, 1956.

Meanwhile on January 23, 1956 the time charterer, having been promptly served, filed its answer which contained a cross-claim against the owner.

On June 28, 1956 the owner filed and served its answer to the complaint and to the said cross-complaint.

Now the owner (by motion argued June 25, 1958) seeks to file the said amended answer to assert a cross-claim against the charterer; the purpose is assumed to be to assert that if the winch was faulty, the undertaking of the charterer to load stow and trim the cargo carried on the ship, involved the maintenance of the winch in good order and condition; and that if plaintiff was injured as he asserts, responsibility must be visited upon the time charterer.

Concededly the purpose of the proposed amended answer is to lay a foundation for visiting ultimate responsibility upon the stevedore, if negligence upon its part was the true cause of the plaintiff's injury.

Since the owner had no contractual relation with the stevedore, it is urged that only through this method of approach can the ship-owner be reimbursed for possible liability to the plaintiff, although the owner was not operating its vessel at the time of the occurrence.

Opposition to the granting of the motion is offered by the charterer because:

1. The caption shows that the owner has already served a third-party complaint against Nessa, and therefore the indirect approach above described is unnecessary.

The stevedore's contractual undertaking to the charterer (quoted in the opposing affidavit of June 10, 1958) reads thus:

"The Contractor (stevedore) will be responsible and hold harmless I. F.C., as the owner, operator, charterer or agent of any ship *and the ships* with respect to which the Contractor performs or furnishes services under this agreement for any and all injury * * * arising in whole or part from or through the negligence or default of the Contractor, its * * * gear or equipment."

It is to be assumed that this contractual responsibility to the charterer as such, of any ship *"and the ships"*—although awkwardly expressed—would be construed to mean that the owner is intended to be included in the coverage of the policy; however, the question may then arise: "At whose instance may that liability be asserted?"

If it does, the answer would lie in a judgment based upon evidence, and a reasoned exposition of legal concepts, not in the disposition of a motion addressed to a pleading.

2. An asserted misgiving as to the charterer's probable recovery against the stevedore, if it becomes necessary so to seek, because of Nessa's going out of business.

This of course does not purport to reach the underwriting engagement of Nessa or its successors.

3. Laches by the owner to the detriment of the charterer. In view of the assertion of the latter's cross-claim against the owner contained in its answer filed in January of 1956, this contention is less than plausible.

4. The owner and not the charterer is solely responsible for any defect in the winch. That of course would be a matter of evidence rather than argument upon this motion.

5. That a copy of the proposed amended answer has not been served. This is not an incurable informality.

Since no hardship upon the charterer is shown to be involved in granting this motion, while a denial might force the owner to forgo an important legal right, the motion will be granted, provided that the date of issue is not affected; also, that the amended answer be filed and served upon all attorneys in the case, within fifteen days after the filing of the order to be filed herein.

Settle order.