**Vincent Scotto LAVINO, Libelant,**

v.

**A/S HAV, International Freighting Corporation, Inc., and THE M/V HAV, Respondents,**

and

**International Terminal Operating Company, Inc., and International Freighting Corporation, Inc., Respondents-Impleaded.**

**No. 20494.**

United States District Court
E. D. New York.

Sept. 29, 1958.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for Internatl. Freighting Corp., Inc., as respondent-impleaded, by Arthur O. Lewis, New York City, Advocate.

Haight, Gardner, Poor & Havens, New York City, for The A/S Hav, respondent petitioner, by William P. Kain, Jr., New York City, Advocate.

BYERS, Chief Judge.

It is necessary to pass upon exceptive allegations to an impleading petition under the 56 Admiralty Rule, 28 U.S. C.A., as to which a hearing was conducted on June 25, 1958.

The opinion filed on July 14 is hereby withdrawn, counsel for the charterer having properly pointed out erroneous recitals therein; the latter are to be accounted for because of certain confusion in the motion papers which I should have detected but failed to, in the press of business in the motion term.

The similarity of names on the part of the time charterer and the stevedore may have contributed to the lapse.

There are two impleading petitions in this cause filed by the owner of the ship: One against the stevedore, and the other against the time charterer.

The former is not challenged by the exceptive allegations now under examination.

The court is informed that while the charterer was named as a respondent in the libel of Lavino, service of process was never effected, and therefore the charterer has not appeared in this cause.

A copy of the libel (filed July 6, 1956) is annexed to the petition now being challenged.

It is therein alleged that Lavino was in the employ of the stevedore on September 16, 1954 and was lawfully on board the M/V Hav while the latter was moored at Pier 2, Erie Basin, in this District; that while at hatch 2 he was struck by a hatch cover and sustained severe injuries because of "the carelessness, negligence and recklessness of the respondents, their agents, etc."

As stated, the charterer and the ship are named as respondents. It also appears from the libel that the libelant's employer, the stevedore, was under contract with the charterer for the purpose of discharging the cargo laden on the said vessel.

The impleading petition sets forth:

1. That the ship was under time charter to the charterer at the time of the libelant's injury.

2. That the charterer "agreed to perform all the necessary stevedoring operations aboard the M/V Hav and by law assumed certain obligations and warranted to respondent that the aforementioned stevedoring operations would be properly and carefully performed."

3. That at the time of the libelant's alleged injury, the ship had given to the charterer "or those for whom it was responsible, their agents, etc." the custody and control of the necessary parts of the M/V Hav and her appliances, which were incident to and necessary for the stevedoring work being done.

4. That at the time of delivery of custody and control, all parts and appliances were in a safe condition and proper for use in performing the stevedoring work aboard the vessel.

5. That it was the duty of charterer and those for whom it was responsible to act with reasonable care and prudence in all relevant respects.

6. That when the stevedoring work was being done, the charterer failed to exercise reasonable diligence and to perform its said duties.

7. That it will be established at the trial that the charterer should indemnify the ship in connection with the subject-matter of the cause.

The exceptive allegations:

Nos. 1 to 5 add nothing to the recitals above given.

Nos. 6 and 7 allege in effect that if the petitioner were to prevail the libelant's recovery would be visited upon the charterer by way of a proceeding commenced more than three years after the alleged accident.

No. 8 asserts that the petition is defective in not pleading facts tolling New York State statute of limitations.

No. 9 alleges that the owner of the ship has delayed unreasonably and to the charterer's prejudice, in seeking to implead the latter.

No. 10 avers facts tending to establish equities, as the charterer asserts them.

Nos. 11 and 12 are to the same effect.

No. 13 states, "The shipowner's purpose in impleading the charterer is to reach the stevedore contractor and hold it liable over through the charterer."

No. 14 contains a quotation from the contract between the charterer and the stevedore which it is argued, inures to the benefit of the shipowner.

No. 15 alleges that it would constitute an injustice to the charterer to permit it to be impleaded.

In view of the earlier civil litigation between the libelant and the charterer, referred to in petitioner's affidavit in opposition to the exceptions, it would appear that since the counsel who were in charge of that matter for the charterer, now file these exceptions, that adequate preparation for the trial of this cause will be entirely feasible.

No. 16 asserts that the hatch cover which the libelant claims struck him was a part of the equipment of the ship.

No. 17 avers that the shipowner may not hold the charterer if this is really a case of unseaworthiness.

The foregoing are not deemed to constitute fatal objections to the granting of the petition to implead.

A similar contention was examined in the case of Fiorello v. A/S Sobral, D.C., 164 F.Supp. 559, and the comment made in that opinion is thought to be applicable.

In overruling these exceptive allegations, it is not intended to foreclose the charterer from raising at the trial any issues of law or fact of which it may be advised.

Exceptions overruled.  Settle order.